Margaret M. Bledsoe, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 8, 1974, before Judges WILKINSON,, JR., MENCER and BLATT, sitting as a panel of three.

*Michael J. Pepe, Jr.,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 5, 1974:

This is an appeal by Margaret M. Bledsoe from an order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits.

Mrs. Bledsoe had been employed by Denton Plastic Products Corporation as a machine operator. Her last working day was December 8, 1972, at which time she voluntarily terminated her employment for health reasons.

Mrs. Bledsoe's application for unemployment compensation benefits was denied by the Bureau of Employment Security (Bureau). She appealed from this determination, and a hearing was held before a referee who subsequently denied compensation on the ground that she was not available for work and therefore not eligible to receive compensation under Section 401(d) of the Unemployment Compensation Law.[1] This section provides in part:

"Compensation shall be payable to any employe who is or becomes unemployed, and who

. . . .

"(d)  Is able to work and available for suitable work. . . ." The determination of the referee was affirmed by the Board, and this appeal then followed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §801(d).

Our scope of review in this type of case is confined to questions of law and, absent fraud, a determination as to whether the Board's findings are supported by the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Mrs. Bledsoe first argues that the Board's findings of fact are not supported by substantial evidence. We do not agree.

The relevant finding made by the referee and adopted by the Board is as follows: "2. During the period at issue, the claimant was not available for work because she did not have transportation."

A careful review of the record indicates that this finding was adequately supported by exhibits offered and admitted at the hearing before the referee. Exhibit No. 5 is an Identification Questionnaire in which Mrs. Bledsoe answered "No" to a question asking, "Do you have transportation to a job in this area?" Exhibit No. 4 is a Summary of Interview form, dated February 7, 1973, in which Mrs. Bledsoe reiterates her lack of transportation and states, "The only employment that I would accept would be if it were on the way to my husband's place of employment." We hold that this evidence adequately supports the above finding of fact.

Mrs. Bledsoe's second argument is also without merit. She argues that the Board's conclusion that she is unavailable for work because of her lack of transportation is legally unsound without a finding that no work existed in her own community of a type she is able to perform.

While it is true that the above proposition is supported by the holdings in *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792 (1955), and cases cited therein, these cases are not applicable to the present situation. They deal with fact situations involving claimants who reside in one

community and have no transportation to work in another community some distance away.

In the present case, Mrs. Bledsoe stated that she had no transportation to work *in the local area* (exhibit No. 5), and that she would only accept employment which was on her husband's way to work (exhibit No. 4). By limiting her chances of obtaining employment in this manner, Mrs. Bledsoe has clearly placed herself in the position of being unavailable for work. *Sledziowski Unemployment Compensation Case*, 195 Pa. Superior Ct. 337, 171 A. 2d 546 (1961); *Zupancic Unemployment Compensation Case*, 186 Pa. Superior Ct. 252, 142 A. 2d 395 (1958).

Mrs. Bledsoe finally argues that the order of the Board should be reversed and compensation allowed for the period subsequent to February 28, 1973, the date on which she stated in her appeal from the Bureau's determination that she had transportation.

A review of the referee's order indicates that such a reversal is neither necessary nor within our power. Mrs. Bledsoe's claim was only denied for the weeks ending *prior* to February 24, 1973. Consequently, the order of the Board which has been appealed to this Court does *not* bar compensation for any work week ending after this date. While we believe that Mrs. Bledsoe's obtaining of transportation makes her eligible to receive compensation for the period subsequent to February 28, 1973, her eligibility for this period is not before us on this appeal.

We therefore issue the following

### ORDER

AND NOW, this 5th day of April, 1974, the order of the Unemployment Compensation Board of Review, under date of June 15, 1973, as to the claim of Margaret M. Bledsoe, is hereby affirmed.