Marcus R. Wilson, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 10, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Bernard S. Shire,* with him *Shire, Bergstein & Bialon,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 27, 1974:

This is an appeal by Marcus R. Wilson from an order of the Unemployment Compensation Board of Review (Board), reversing the referee's determination that he was entitled to compensation. The Board found that the appellant was discharged for wilful misconduct. After a careful review of the record, we affirm.

In unemployment compensation cases, our review is limited to questions of law and a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. In addition, the party that prevailed below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

At the hearing before the referee, Mr. Wilson admitted that he was disaffected with the manager of the plant in which he worked and stated to a fellow employe that "the old man should get off my back or I would ship him out of there in a plastic bag." The manager who had had previous encounters with the

appellant summoned the police who found a knife on his person and a loaded revolver in his automobile.

Appellant contends that the Board acted improperly in considering written statements from the manager who was in another state at the time of the hearing, and the fellow employe, who reasonably enough preferred not to participate in the hearing. The statements were used by the referee only for the purpose of questioning the claimant. The latter's responses provide ample support for the Board's findings and conclusions.

Wilful misconduct involves (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973). A threat to inflict bodily injury upon a superior is clearly within this definition. The appellant's explanation of his threatening statement, significantly, is that it was intended to frighten the manager, not that it was said in pure jest.

### ORDER

AND Now, this 27th day of September, 1974, it is ordered that the appeal of Marcus R. Wilson from the Order of the Unemployment Compensation Board of Review be and it hereby is dismissed.