Emma Y. Dunkle, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

496

Argued September 10, 1974, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS sitting as a panel of three.

*Robert B. Wayne,* with him *Jon C. Lyons,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 24, 1974:
This appeal arose when the Bureau of Employment Security (Bureau) denied benefits to Emma Y. Dunkle

(claimant) on grounds that she refused suitable work under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, *as amended,* 43 P.S. §802(a) and that she was unavailable for suitable work under Section 401(d), 43 P.S. §801.(d). The referee modified this determination by reversing the order which denied benefits for refusing suitable work under Section 402(a), but affirmed the order which denied benefits under Section 401(d) unavailability for suitable work. The Unemployment Compensation Board of Review (Board) affirmed the modification and this appeal followed.

Understanding the facts in this case presents no problem. On May 1, 1973, Claimant's employment as a machine operator at Wilson's Manufacturing Company in Sunbury, Pennsylvania, was terminated. Claimant complied with the statutory procedures and benefits followed. At 7:40 a.m. on July 26, 1973, she was contacted telephonically by Furman's Canning Company and was offered employment as a cannery worker, starting that morning at 8:00 a.m. The job was declined by her, giving as her reasons: (1) insufficient time to get to the cannery; (2) lack of transportation; and (3) her inability to find sitters for her two children on such short notice. The following August 6, Claimant went to the Bureau to claim benefits and was then informed that her failure to accept the job offer at the cannery disqualified her from receiving further benefits. Shortly thereafter, Claimant received a Notice of Determination dated August 6, 1973, citing Section 402(a) and 401(d) of the Unemployment Compensation Law as the reasons for termination.

The scope of our review in these cases is confined to questions of law and a determination of whether findings of the Board are supported by the evidence. *Bledsoe v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 34, 317 A. 2d 320

(1974). There is no dispute as to the facts before us. The sole question is one of law, i.e., whether the Claimant's conduct in refusing the job offer under the circumstances was sufficient to render her unavailable for suitable work under Section 401(d), 43 P.S. §801 (d). Section 401(d) states in relevant part: "Compensation shall be payable to any employe who is or becomes unemployed and who . . . (d) Is able to work and available for suitable work. . . ." The referee's sole finding to support a determination of ineligibility under Section 401(d) was that: "Claimant refused the employer's offer since she was unable to work at 8:00 a.m., which allowed her only twenty minutes' (sic) time to arrive there, a distance in excess of one mile from her home. Further Claimant had no transportation and no arrangements made for a babysitter for her two children." No finding was made as to Claimant's access to transportation at other times.

Assuming that there is evidence of the lack of transportation on the morning of the job offer, as a matter of law this in itself cannot be held to constitute unavailability within the meaning of Section 401(d). Unavailability is a term which describes any one or more of many situations which justify one in refusing a job offer. A realistic attachment to the labor market must take into account the practicalities of everyday existence. There must be a meaningful offer which is capable of acceptance. When, as here, a claimant is given twenty minutes notice to report to a job located approximately two miles from the city line where she resides, and is given little opportunity to make arrangements for the care of her children in her absence and transportation for that day, we cannot seriously say that this was an offer capable of acceptance. That no transportation was available on one given day does not support the conclusion that a claimant is not realistically attached to the labor force.

A review of our decisions in this area makes it clear that the present case is not controlled by *Bledsoe*. There claimant contended that there was a lack of suitable transportation unless it were on the way to her husband's place of employment. Such a conditional response is not present here. The record before us in our view, reflects a claimant willing to accept employment provided she is given a reasonable opportunity to do so. Claimant's refusal of the instant job offer alone, because of her immediate inability to arrange for both transportation and the care of her children on twenty minutes notice, does not constitute substantial evidence to support a finding of her unavailability for suitable work. We therefore enter the following

### ORDER

AND NOW, this 24th day of October, 1974, the Order of the Unemployment Compensation Board of Review is hereby reversed. It is further ordered that benefits be paid to the Claimant, Emma Y. Dunkle, for the compensable week commencing August 6, 1973.