David W. Meany, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 11, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*David W. Meany*, appellant, for himself.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 6, 1974:

This is an interstate appeal from a decision of the Unemployment Compensation Board of Review (Board)

which denied the claim of David W. Meany (claimant) for unemployment compensation benefits. His claim had been initially denied by the Bureau of Employment Security but its decision had been reversed by a referee who allowed the claim.

The basis of the Board's order was that the claimant had voluntarily left work without cause of a necessitous and compelling nature within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." A person becoming unemployed because of a voluntary termination has the burden of establishing that such termination was with cause of a necessitous and compelling nature. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A. 2d 181 (1973).

Claimant was employed by the American Consulting Association, Incorporated, San Mateo, California, as a civil engineer. The employment spanned a period of six months and claimant was compensated at the rate of $7.50 per hour for his services. His last day of work for this employer was January 21, 1972, the day on which he admittedly terminated his employment voluntarily to accept a better position at a higher salary in Guam.

During December 1971, claimant received a letter from Thomas J. Davis, Inc., Agana, Guam, informing him of a position opening with the corresponding firm. The key portion of that letter read: "The position we have open is for a licensed civil engineer, preferably one who also has a structural license in a state or territory having standards meeting the requirements of the National Council of Engineering Examiners for regis-

tration." Claimant was a civil engineer but did not possess a structural license.

Claimant reported for work at his Guam employer's office on two consecutive days and, on January 28, 1972, he informed his employer that this was not his line of work and proceeded to return to California. On February 10, 1972, relative to his claim application, he signed a written statement which included the following: "After working for two days I decided to quit and return back to the U.S.A." and "The job didn't pay enough for the cost of living in Guam." On May 2, 1972, at a referee's hearing, he testified that the Guam job as a civil engineer was nonexistent and all that was available was structural work which he was not licensed to perform.

The question to be resolved here can be stated simply. If claimant went to Guam upon the misrepresentations of the employer, and if no suitable work was available to him upon his arrival, his voluntary termination was for good cause. Conversely, if the claimant went to Guam upon accurate representations of the employer, and if there was suitable work available to him upon his arrival, his voluntary termination was without good cause.

The Board concluded that the claimant voluntarily left his employment with his Guam employer, claiming the job was misrepresented when, in fact, it was not. In reviewing a decision of the Board, its findings as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive. *United States Steel Corporation v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 206, 303 A. 2d 852 (1973).

The Board chose to disbelieve the claimant's testimony as to a misrepresentation and to believe that the employer's letter of December 1971 accurately stated the position that was available. This was the Board's

prerogative. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from the evidence are for the Board's determination. *Pellegrino v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973). We conclude that the Board could draw from claimant's written statement, made just two weeks after the event, the reasonable inference that the claimant voluntarily terminated his employment without good cause. He there stated that (1) after working for two days he decided to quit and return to the U.S.A. and (2) the job did not pay enough for the cost of being in Guam. The high cost of living in a given area is not cause of a necessitous and compelling nature for terminating employment. *Cf. Erickson Unemployment Compensation Case*, 202 Pa. Superior Ct. 248, 195 A. 2d 849 (1963).

Therefore, we issue the following

#### Order

Now, this 6th day of December, 1974, the order of the Unemployment Compensation Board of Review dismissing the claim of David W. Meany is hereby affirmed.