## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Edward Lee, Appellant.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER, and BLATT, sitting as a panel of three.

*Edward Lee,* appellant, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, July 7, 1975:

This is an appeal by Edward Lee (Lee) from a decision of the Unemployment Compensation Board of Review (Board), dated September 18, 1974, which held that Lee was not eligible for benefits because he had been suspended for wilful misconduct.

Lee was employed by the Alan Wood Steel Company (Company) for approximately 24 years as a stove tender. Lee's scheduled work hours were from 3:00 P.M. to 11:00 P.M. On April 2, 1974, Lee became involved in a dispute with his supervisor when he requested that his time card be punched for overtime pay. The record reveals that the dispute was a regrettable incident in which both Lee and his supervisor had good reason to believe they were acting properly. Lee had worked one-half hour overtime at the request of another supervisor and wanted his time card punched to indicate the overtime. Lee's supervisor knew nothing about the request by the other supervisor,

but he did know that Lee's replacement had arrived on time at 11:00 P.M., and, therefore, the supervisor refused to allow Lee to get his time card punched for overtime. In any event, during the course of the dispute between Lee and his supervisor, Lee became angry and threatened his supervisor. Following the threat, the supervisor ordered Lee to leave the plant and told him that he would be disciplined by a "5 day suspension subject to discharge." On April 8, 1974, a meeting was held in the office of the Company's Industrial Relations Manager for the purpose of discussing Lee's "suspension subject to discharge." Lee participated in the meeting, as did representatives of both the Company and Lee's union, *i.e.* United Steel Workers of America, Local 1392. As a result of the meeting, the Company converted Lee's "5 day suspension subject to discharge" into a straight 30-day suspension. The record indicates that Lee applied for unemployment compensation benefits on April 7, 1974, and that the Bureau of Employment Security, the referee and the Board, all held that he was ineligible for benefits because of wilful misconduct.

In his appeal to this Court, Lee contends that he did not threaten his supervisor and that his conduct during the dispute did not constitute wilful misconduct. Lee represented himself in this appeal, and although he did not file a formal brief, he did appear and argue before the Court.

Our scope of review in this type of case is limited to questions of law and a determination of whether the findings of the Board are supported by substantial evidence. *See Dunkle v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 495, 327 A. 2d 409 (1974).

The Board found that Lee "threatened his supervisor with bodily harm" and concluded that such conduct constituted wilful misconduct, and caused Lee to be ineligible for benefits under section 402(e) of the Unem-

ployment Compensation Act, Act of December 5, 1936, P.L. (1937), 2897, *as amended,* 43 P.S. §802(e). No matter how justified Lee's request for overtime was, Lee had no right to threaten his supervisor. Such conduct obviously evidenced a disregard of the standard of behavior which the Company could rightfully expect from him, and it obviously constituted wilful misconduct as that term has been defined by this court. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).

The only question involved in this case is whether the Board's finding concerning the threat is supported by substantial evidence. Our review of the record forces us to conclude that it contains ample support for the Board's finding. Lee's supervisor testified concerning Lee's conduct during the dispute, and his testimony was sufficient to sustain the employer's burden of proving wilful misconduct. *See Unemployment Compensation Board v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975). We recognize that Lee denies that he threatened his supervisor, but, as we have stated so many times, questions concerning the credibility and weight of the evidence are for the Board, rather than this Court. *See Meany v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 576, 329 A.2d 314 (1974).

In accordance with the above we therefore

ORDER

AND NOW this 7th day of July, 1975, the order of the Unemployment Compensation Board of Review, dated September 18, 1974, denying benefits to Edward Lee, is hereby affirmed.