Nehi Bottling Company *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Nehi Bottling Company, Appellant.

Argued October 25, 1976, before Judges WILKIN-SON, JR., ROGERS and BLATT, sitting as a panel of three.

*Bernard T. John,* with him *Ray, Buck, Margolis, Mahoney & John,* for appellant.

*Sandra S. Christianson,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, November 30, 1976:

John E. Ritz, an unemployment compensation claimant, was discharged from employment by the Nehi Bottling Company on August 14, 1975, because he threatened a co-worker (shop steward) with bodily injury. After his discharge, the claimant was denied unemployment compensation by the Bureau of Employment Security under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. 802(e), which renders a claimant ineligible for unemployment compensation benefits if discharge from employment is due to "willful misconduct" connected with his work. This denial was affirmed by the Referee. The Unemployment Compensation Board of Review reversed after hearing, concluding that:

A thorough review of the entire record has convinced this Board that the claimant's threat cannot be considered willful misconduct in that he made his threat only after repeated harassment by the co-worker to whom the threat was directed. That co-worker, aware of the employer's animosity towards the claimant, constantly badgered the claimant and on the claimant's last day of work, maliciously and profanely told the claimant that he had been fired. That statement was totally false. The claimant reacted by threatening the co-worker with harm if his efforts to discredit him resulted in his losing his job. The threat, although prompted by an on-the-job event, was in no way harmful to the employer's interest. There was no altercation on the job and the threat was never carried through.

Nehi Bottling Company appeals the Board decision which we now affirm.

In the absence of fraud, our scope of review in unemployment compensation cases is limited to questions of law and whether the Board's findings are supported by the evidence on record. Questions of credibility and the weight to be given evidence are for the Board to determine. Furthermore, the party for whom the Board finds favorably is to be given the benefit of any inferences which can be reasonably and logically drawn from the evidence. *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 325 A.2d 500 (1974).

This Court has held, on several occasions, that a threat by an employee to his superiors constitutes "willful misconduct." *Unemployment Compensation Board of Review v. Lee,* 20 Pa. Commonwealth Ct. 154, 340 A.2d 586 (1975); *Wilson, supra.* However, in neither *Lee* nor *Wilson* were there findings by the Board indicating calculated and purposeful harass-

ment of a claimant which ultimately resulted in the levied threat.[1] In the present case, the findings of fact made by the Board point to concerted efforts of harassment not only by the shop steward but also by Mr. Pusateri, President of Nehi Bottling Company (referred to as employer):

. . . .

"2. On March 10, 1975 the claimant was injured while driving a vehicle for his employer.

"3. As a result of that mishap, the claimant was absent and properly excused from work between March 10, 1975 and June 2, 1975 and from June 27, 1975 until July 21, 1975.

"4. The claimant had been told to request lighter work from his employer after the accident. Claimant did make that request prior to each absence but upon returning to work, found that his assignments were more, not less, strenuous.

"5. The claimant was absent two weeks immediately prior to his discharge upon his doctor's advice because lighter work, although available, was not provided for him.

"6. Upon returning to work on August 14, 1975, the claimant was told by a co-worker, who was also the shop steward, that he had been discharged.

"7. Prior to the shop steward's comments, claimant had noticed that his time card was not in its place.

"8. The shop steward did not have the authority to fire the claimant.

"9. Following the shop steward's 'you're fired' statement, which was both abusive and profane, the

---

[1] It should also be noted that in *Lee* and *Wilson* the claimants' threats were directed to their managerial superiors. Here the threat was directed to a co-worker who was also a shop steward. While, for purposes of determining "willful misconduct," the distinction is not exculpatory, it does seem to mitigate the gravity of Mr. Ritz's threat when considered in conjunction with the other facts.

claimant threatened to 'beat the hell' out of the shop steward 'and his boys' if he lost his job on the steward's account.

"10. The claimant was discharged after the report of the threat reached the employer.

"11. The employer had, prior to claimant's discharge, expressed a desire to fire the claimant because:

"a. He believed that claimant was not incapable of heavy work but was only faking his illness.[2]

"b. The claimant had complained to health authorities of alleged unsanitary conditions at the plant.

"12. The shop steward was aware of the employer's desire to discharge the claimant prior to the date upon which he was threatened by the claimant.

"13. The claimant was a ten-year employee with no previous record of misconduct."

From such findings, the Board could properly determine that the claimant's threat was excusable in view of the provocation and therefore did not constitute "willful misconduct":

[G]ood cause is, when raised, a necessary consideration in willful misconduct adjudications and therefore, the Board should consider any justification presented by a claimant for his actions.

*Crilly v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 21, 24, 358 A.2d 739, 741 (1976); accord, *Frumento v. Unemployment Compensation Board of Review*, Pa. , 351 A.2d 631 (1976).

Appellant finally says that the record does not support the Board's findings that the claimant was injured, excused from regular work and that light work

___

[2] This belief was shared by the shop steward who according to the uncontroverted testimony of Mr. Ritz, constantly accused him of faking injury to avoid work.

was not provided upon request. Since both the claimant, Ritz, and the employer's representative, Mr. Pusateri, gave competent, though conflicting testimony as to the appellant's injuries, it was within the Board's discretion to make the choice of which to credit. On the issue of whether light work was provided to the claimant, the appellant produced no evidence, depending on its cross-examination of the claimant. The Board believed the claimant in both instances. All other findings of fact made by the Board appear to be uncontested by the appellant.[3]

Accordingly, we enter the following

ORDER

AND Now, this 30th day of November, 1976, it is ordered that the appeal of the Nehi Bottling Company be and is hereby dismissed and that the decision of the Unemployment Compensation Board of Review be and is hereby affirmed.

---

[3] Appellant does argue that Mr. Ritz's allegedly vindictive reporting of his employer to health authorities constitutes "willful misconduct." This issue was not determined by the Board since, by Mr. Pusateri's own testimony, the sole reason for the claimant's discharge was the threat made to the shop steward.