Anestos Rodites, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1978, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Anestos Rodites,* petitioner, for himself.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 6, 1978:

Anestos Rodites (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him unemployment compensation. He was found guilty of willful misconduct, grounds for ineligibility pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law), 43 P.S. §802(e).

The claimant had been employed as a laborer by the City of Arnold for approximately one year. He was discharged following refusal to sign a statement of rules and regulations, which the City was requiring all of its employees to sign, and an altercation at a meeting of city employees a few days later in which he became involved in a heated exchange with a city councilman and "offered to take the councilman outside."

Section 510 of the Law, 43 P.S. §830, provides that this Court's scope of review in an unemployment compensation appeal is confined to questions of law and,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. The claimant argues here that one of the referee's findings of fact is not supported by substantial evidence, and the challenged finding was:

> At a meeting with a Councilman with all the employees, the claimant express [sic] his dissatisfaction and offered to take the Councilman outside.

The referee reasoned that the claimant's offer to the councilman was to settle their differences with a fight and our review of the record supports that conclusion. We have previously held that a threat to inflict bodily injury upon a superior is clearly within the definition of willful misconduct. *See Nehi Bottling Co. v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 251, 253, 366 A.2d 594, 595 (1976) ; *Unemployment Compensation Board of Review v. Lee,* 20 Pa. Commonwealth Ct. 154, 157, 340 A.2d 586, 588 (1975) ; *Wilson v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 314, 316, 325 A.2d 500, 501 (1974). Our review of the record here forces us to conclude that it contains ample support for the referee's finding. The councilman testified concerning the claimant's conduct at the meeting and his testimony was sufficient to sustain the employer's burden of proving willful misconduct. *See Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975). Moreover, even the claimant's own testimony at the hearing tended to support the referee's finding, in spite of his statement on appeal that he only wanted to talk privately with the councilman. Findings of fact supported by substantial evidence are binding on this Court. *Unemployment Compensation Board of Review v. Vojtas,* 23 Pa. Commonwealth Ct. 431, 432, 351 A.2d 700, 701 (1976).

The order of the Board is, therefore, affirmed.

ORDER

AND Now, this 6th day of March, 1978, the order of the Unemployment Compensation Board of Review, dated December 1, 1976 and numbered B-137619, is hereby affirmed.