David Small, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Gregory S. Rubin,* with him *Shane & Rubin,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, November 21, 1978:

David Small (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to him under the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1]

---

[1] An employe shall be ineligible for compensation for any week—

. . . .

Claimant was employed by Catalytic Corp. (Employer) from September 9, 1974, to September 30, 1975, as a planning engineer. He was discharged for "tardiness, unexcused absences and a disregard of company policies and supervisor's warnings." The Bureau of Employment Security (Bureau) awarded unemployment compensation benefits to the Claimant. The referee reversed the Bureau, finding that the Claimant had compiled a record of lateness and unexcused absences for which he had been warned. On the basis of that finding of fact, the referee concluded that the Claimant's employment record constituted willful misconduct. On appeal, the Board affirmed the referee's findings of fact and also affirmed the referee's conclusion of law.

In such circumstances our scope of review is limited to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. *Rodites v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 128, 382 A.2d 1287 (1978). *See also* Section 510 of the Law, 43 P.S. §830. Claimant contends that the evidence received by the referee will not support his findings of fact. After a careful review of the record, we are satisfied that there is ample substantial evidence to support those findings. The Claimant also contends that the findings were based on hearsay evidence, that the findings do not constitute willful misconduct and that the employer had not met its burden to prove willful misconduct. While Claimant's statement of applicable principles of law is correct, his application of them to the facts of this case is not.

---

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act; and. . . .

Accordingly, we will affirm the Board's decision and order.

ORDER

AND Now, this 21st day of November, 1978, the order of the Unemployment Compensation Board of Review, dated April 14, 1977, denying benefits to David Small, is hereby affirmed.

