Fred L. Gane, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges ROGERS, DISALLE and MACPHAIL, sitting as a panel of three.

Alton G. Grube, with him Robert A. Lechowicz, for petitioner.

Michael Klein, Assistant Attorney General, with him William J. Kennedy, Assistant Attorney General, and Robert P. Kane, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 16, 1979:

Fred L. Gane (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of unemployment compensation benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

According to the referee's findings as affirmed by the Board, Claimant was terminated by his employer on April 15, 1977, because he falsified his weekly remittance slips to his employer resulting in an actual loss to his employer of $2,468.68, which sum Claimant has agreed to repay to his employer. Claimant does not deny making the false records but says he did so to allow some time to collect past due accounts. He contends that his conduct was reasonable under the circumstances because he was seriously overworked.

It is well established that the Board is the ultimate fact-finder in unemployment compensation cases. *Rodites v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 128, 382 A.2d 1287 (1978). Where the employer alleges misconduct on the part of the employee, it is the employer's burden to prove that fact with substantial evidence. *Frick v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977). We have no difficulty agreeing with the Board that deliberate falsification of financial records to the employer's detriment is wanton and willful disregard of the employer's interest as well as a disregard of standards of behavior which an employer may rightfully expect from his employee. Where the employee attempts to justify his misconduct by showing good cause, the burden of proving that good cause is upon him. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395

A.2d 708 (1979). In the instant case the referee and the Board concluded there was no good cause for Claimant's misconduct. After a careful review of the record, we agree.

Order affirmed.

ORDER

AND Now, this 16th day of March, 1979, the order of the Unemployment Compensation Board of Review, dated September 13, 1977, denying unemployment compensation benefits to Fred L. Gane, is affirmed.