Carl Lake, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*John L. Walder*, with him, *Harvey F. Strauss*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him, *Edward G. Biester, Jr.*, Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 20, 1979:

Carl Lake, Sr. (Petitioner) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order denying his unemployment compensation benefits. The referee concluded and the Board agreed that Petitioner was discharged from his employment as an equipment and glassware worker for Merck, Sharp, and Dohme (Employer) because of willful misconduct thereby rendering him ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of Decem-

ber 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §802(e). Petitioner raises two issues for our consideration: whether the Board capriciously disregarded competent testimony and whether his dismissal was properly founded on willful misconduct. For the reasons which follow, we affirm the Board's order.

In a case such as this, the burden of proving willful misconduct is on the employer. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979); *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 426, 376 A.2d 314, 315 (1977). Where, however, an employee attempts to justify the alleged misconduct by a showing of good cause, the employee bears the burden of proving such good cause. *Gane, supra*, at 293, 398 A.2d at 1111. When the party bearing the burden of proof prevails before the Board, we must determine on appeal whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record. *Roach, supra*, at 427, 376 A.2d at 315; *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Commonwealth Ct. 264, 267, 360 A.2d 763, 765 (1976). Where the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Aluminum Co. of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 590, 314 A.2d 893, 895 (1974). Employer prevailed before the Board and, therefore, is entitled to the benefit of any inferences which can be reasonably and logically drawn from the evidence on the record. *Nehi Bottling Co. v. Unemployment Compensation*

*Board of Review,* 27 Pa. Commonwealth Ct. 251, 253, 366 A.2d 594, 595 (1976). Of course, questions of credibility, resolution of conflicts in the evidence presented, and a determination of the weight to be given the evidence are matters for the Board to determine. *Roach, supra.*

Petitioner had worked for Employer for approximately five years. During at least part of that time, Petitioner, who is black, believed that he was the target of discriminatory treatment by his immediate supervisor, William Maule (Maule). On February 24, 1978, Petitioner spoke to his department head Dr. Fisher (Fisher) and made a threat on Maule's life. On March 6, 1978, Employer, citing Petitioner's poor attendance record and his threat against Maule, discharged him. Petitioner's attendance record is no longer in issue in this matter,[1] so we will confine our analysis to the question of whether his threat against Maule constituted willful misconduct and a basis for the denial of unemployment compensation benefits.

As we stated in our opinion in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973):

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

---

[1] The Board concluded that Petitioner's absentee record would not constitute wilful misconduct. It based its decision to affirm the referee's order on Petitioner's threat against his supervisor.

We have repeatedly held that a threat to inflict bodily harm on one's superior is clearly within the definition of willful misconduct. *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 579, 581, 402 A.2d 1132, 1133 (1979); *Rodites v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 128, 130, 382 A.2d 1287, 1287 (1978); *Unemployment Compensation Board of Review v. Stiles*, 19 Pa. Commonwealth Ct. 38, 39 n.2, 340 A.2d 594, 595 n.2 (1975); *Wilson v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 314, 316, 325 A.2d 500, 501 (1974). That holding is applicable to the facts of the instant case.

Petitioner argues that his conversation with Fisher did not indicate a threat to Maule and, therefore, that that language cannot serve as the basis for the finding of willful misconduct. Fisher testified that,

Mr. Lake was somewhat angry and said that he wanted me to get Mr. Maule off his back, that he made him nervous, that he had trouble sleeping at night and that he had spent many hours planning as to how he was going to kill Bill Maule because he hated him so much.

Petitioner, himself, testified that

I told Doctor Fisher, I said, will you please get Bill Maule off my back. I said, he's making me carry problems home to my family. I said, I just had it. I'm frustrated with everything with him picking on me. I said, just please get him off my back. He makes me feel like I want to hurt him, like I want to kill him or something.

The Board specifically resolved any discrepancy between Fisher's and Petitioner's testimony in favor of Fisher. It's quite apparent that either of the two versions of the conversation provides sufficient evi-

dence to support the Board's finding of willful misconduct.

In the alternative, Petitioner argues that Employer expected black employees to adhere to a "higher standard of conduct" than white employees, that Employer discriminated against him because he was black, and that his threat against Maule was precipitated by this discrimination. These factors, he argues, should negate any willful misconduct on his part. Petitioner's argument is without merit.

The only evidence supporting Petitioner's discrimination claim was his own testimony which was directed primarily to the allegation that Employer was more lenient with white employees than with Petitioner when they all had similar absentee records. Petitioner offered no proof that other employees had threatened their supervisor and had not been discharged as he was. The Board is not required to accept even uncontradicted evidence as true, *France Unemployment Compensation Case*, 205 Pa. Superior Ct. 505, 507, 211 A.2d 85, 86 (1965), and here the Board specifically found that Maule did not discriminate against Petitioner. The Board's finding does not exhibit a capricious disregard of competent evidence.

Even if the Petitioner had proved that he had been the target of discrimination, such discrimination would not negate his willful misconduct here. It is only when an employee's actions are *justifiable and reasonable under the circumstances* that they will not be regarded as willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 87, 351 A.2d 631, 634 (1976); *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 650, 380 A.2d 932, 936 (1977). Under no circumstances would the discrimination complained of by Petitioner here justify his threaten-

ing the life of his supervisor. *See Unemployment Compensation Board of Review v. Lee,* 20 Pa. Commonwealth Ct. 154, 157, 340 A.2d 586, 588 (1975).

The Board did not err in concluding that Petitioner was discharged from his employment because of willful misconduct and, therefore, was ineligible for unemployment compensation benefits. Order affirmed.

ORDER

AND Now, this 20th day of December, 1979 the Order of the Unemployment Compensation Board of Review, Decision No. B-164415, dated September 25, 1978, affirming the decision of referee and denying unemployment compensation benefits to Carl Lake, Sr. is affirmed.