Brian F. Price, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Edwin B. Barnett, Strong, Barnett, Hayes & Hamilton,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 16, 1981:

Brian F. Price (Petitioner) has appealed from the order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts of this case are uncontested. Petitioner was last employed as a maintenance supervisor by

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Section 402(e) reads in pertinent part as follows:

> An Employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

43 P.S. §802(e).

H.G.O. (Employer) for a period of 2 1/2 years. One of Petitioner's job duties was to store equipment after use. Under the Employer's rules, all maintenance equipment was to be placed in a storage room overnight for security reasons. It was not to be left on the truck overnight. The Petitioner had been warned several times about violating this rule, the last such warning having occurred just three days prior to July 12, 1979 when the Petitioner again left maintenance equipment on the Employer's truck overnight. He was discharged from his employment on July 13, 1979.

The Petitioner applied to the Bureau (now Office) of Employment Security for benefits. The Office denied benefits on the ground of willful misconduct. He appealed. After a hearing, the referee concluded that the Petitioner had good cause for violating the Employer's rule and granted benefits. The Employer appealed. The Board reviewed the record, found that the Petitioner lacked good cause in failing to secure the equipment in the designated storage area and denied benefits. The Petitioner then appealed to this Court.

The law is well settled in cases of this nature. The Employer bears the burden of proving willful misconduct. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where, as in the instant case, the party with the burden of proof prevails before the Board, our scope of review on appeal is to determine whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence. *Lake, supra*.

Willful misconduct is a question of law. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). It has long been held that

For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-169 (1973). It is also well established, however, that where the actions of an employee are justifiable and reasonable under the circumstances, they will not be considered willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). Where an employee attempts to justify his alleged misconduct, the employee bears the burden of proving such good cause. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

The Petitioner in the case at bar does not dispute that he violated his Employer's work rule. He does argue, however, that his conduct was justifiable and reasonable under the circumstances and therefore should not be considered willful misconduct. He testified that it was impossible for him to comply with the work rule regarding the storage of equipment overnight because the storage room was too full. He said that when he attempted to enter the storage room he could hardly get the door open and that since it was approximately 10 o'clock at night he did not think he should disturb the president of the company. The president testified that on the following morning when he became aware of the fact that the equipment

used by the Petitioner had not been placed in the storage room, he was able to get it in simply by re-arranging the items already in the storage room, a task which took approximately 45 minutes. It thus appears that it was not impossible for the Petitioner to comply with the work rule, only inconvenient. The president of the company also testified that he was available 24 hours each day through a beeper arrangement and that when the Petitioner encountered this problem, he could have easily contacted the president who would have given him instructions about how to resolve the problem.

This Court has held that "good cause" rests on "good faith." *King v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 396, 414 A.2d 452 (1980). "Good faith" in turn includes in the instant case some positive conduct on the part of the Petitioner to at least attempt to comply with the Employer's work rule. Obviously, there was room in the assigned storage area for the Petitioner's equipment if Petitioner had taken the trouble as his superior did subsequently to simply rearrange the items already in the storage room. Consequently, the Petitioner's action or, more specifically, his lack of action is a clear disregard of the standard of behavior which his Employer had a right to expect from him.

Our review convinces us that the Board's findings of fact are supported by substantial evidence and that it made no error of law in denying benefits to the Petitioner.

Order affirmed.

### Order

And Now, this 16th day of April, 1981, Decision No. B-180598 of the Unemployment Compensation Board of Review dated February 7, 1980, reversing the decision of the referee and denying unemployment

compensation benefits to Brian F. Price, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.