Thomas Patterson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Lee Moses,* with him *Ada J. Guyton,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 16, 1981:

Thomas Patterson (Patterson) appeals an order of the Unemployment Compensation Board of Review (Board) dated February 14, 1980 which affirmed a referee's order denying Patterson unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

Patterson was last employed by Breakway Glass Company (Employer) as a palletizer. His last day of work was June 8, 1979. Patterson's duties included,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Section 402(e) reads in pertinent part as follows:

An Employee shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

43 P.S. §802(e).

*inter alia,* the cleaning of Shop 111 and half the cleaning of Shop 102. On his last day of work, Patterson was directed by his supervisor to clean 102 immediately but he refused. A meeting was held on June 11, 1979, involving Patterson, his union representative and an employer representative, regarding Patterson's failure to obey the orders of his supervisor. As a result of that meeting, Patterson was discharged.

Patterson applied to the Bureau (now Office) of Employment Security (Office) for benefits. The Office denied benefits on the ground of willful misconduct. He appealed. Two hearings were held. The referee affirmed the decision of the Office. The referee's decision was affirmed by the Board. Patterson appealed to this Court.

Patterson raises two arguments before this Court. He alleges that the Board's findings of fact are not supported by substantial evidence and that his conduct was justifiable and reasonable under the circumstances.

The law is well settled in cases of this kind. The Employer bears the burden of proving willful misconduct. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where, as in the case at bar, the party with the burden of proof prevailed before the Board, our scope of review on appeal is to determine whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence. *Id.*

Willful misconduct is a question of law. *Boyer v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). This Court has long held that

> For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the de-

liberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

It is only when the alleged misconduct of an employee is justifiable and reasonable under the circumstances that it will not be considered willful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). The employee bears the burden of proving good cause. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

In his appeal to this Court Patterson argues that the evidence shows he was discharged only for his act of insubordination on June 8, 1979, and that the referee erred in finding that the Employer had considered Patterson's prior employment history as well as the act of insubordination in making the decision to discharge him. We disagree.

At the hearing the Employer testified that while insubordination alone can result in discharge, there was a progressive disciplinary system at the plant. He further testified that Patterson had received 16 warnings for various incidents including, *inter alia*, excessive tardiness, absenteeism, and poor job performance and that the Employer had considered all of this history prior to its decision to terminate Patterson. Clearly, the act of insubordination was merely the proverbial ''straw that broke the camel's back.'' Questions of credibility, resolution of conflicts in the evi-

dence presented and a determination of the weight to be given the evidence are matters for the fact-finder. *Boyer.* Our review of the record convinces us there is substantial evidence to support the referee's findings of fact.

Patterson does not refute the fact that he refused to obey his supervisor's order to clean up the designated work area. He does assert, however, that under the circumstances he had good cause to refuse the order. He testified that Shop 111 and Shop 102 had been completely jammed with containers when he reported to work on the evening in question, that he immediately began to clean Shop 111 and had not yet completed that job when he was given the order to clean Shop 102. Patterson alleges that he knew his supervisor was unaware of the conditions in Shop 111 at the time she ordered him to go to Shop 102.[2] Patterson, however, did not inform or even attempt to inform his supervisor about the conditions of Shop 111. Instead he told the supervisor to clean Shop 102 herself.[3]

*Frumento* requires that we must balance the reasonableness of the supervisor's directive against the reasonableness of Patterson's refusal. The reasonableness of the supervisor's request is clear. The assignment was within Patterson's scope of duties, and the supervisor had the authority to give such an order. Shop 102 was jammed and there was no place to put any more containers. We cannot say, however, that Patterson's refusal was reasonable. Although Shop 111 was only partially cleaned, the testimony is

---

[2] The supervisor spoke to Patterson as he was returning to Shop 111 after a coffee break.

[3] There is a conflict in the record as to whether Patterson told the supervisor to "clean 102 herself" or told her "to get the 2 shop." The Board found as a fact that Patterson told his supervisor that if she wanted it cleaned "she should clean it up herself."

that there was some space available there to put more containers. Further, it would be reasonable under the circumstances for Patterson to at least inform his supervisor about the conditions in Shop 111. We do not believe the justification proffered by Patterson for failure to follow instructions can be said to constitute good cause, particularly in light of his immediate response to his supervisor's request.

Patterson further argues that if we hold that his actions do not justify good cause, we should remand the case for another hearing so that he might present further evidence of the reasonableness of his actions. The record shows that Patterson was represented by counsel at both the hearings and that he had ample opportunity to present any and all the evidence he desired. Patterson cannot now be heard to complain because of his own failure to present sufficient evidence at the two hearings to meet his burden of proof.

Our review of the record convinces us that Patterson's insubordination of June 8, 1979 and prior work history clearly constitute willful misconduct under Section 402(e) of the Law.

Order affirmed.

ORDER

AND Now, this 16th day of June, 1981, Decision No. B-180865 of the Unemployment Compensation Board of Review dated February 4, 1980, affirming the decision of the referee that denied unemployment compensation benefits to Thomas Patterson is hereby affirmed.

AMENDED ORDER

AND Now, this 20th day of July, 1981, the Order of this Court entered June 16, 1981, is hereby amended to provide as follows:

AND Now, this 16th day of June, 1981, Decision No. B-180865 of the Unemployment Compensation Board of Review dated February 14, 1980, affirming the decision of the referee is hereby affirmed.