Sol Sacks, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 29, 1983:

Sol Sacks (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) finding him ineligible for benefits as a result of his discharge from Pincus Brothers-Maxwell (Employer) for willful misconduct. Section 402(e) of the

Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.[1]

Claimant was last employed as a cutter of men's suits by Employer. Employer's reason for discharging Claimant was a decline in work performance culminating in an incident of miscutting sleeves made of expensive camel hair. Claimant contends that the evidence failed to show that Claimant's performance differed from that of his co-workers and that any errors he made were honest mistakes.

The burden of proving willful misconduct is, of course, on the employer. *Patterson v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 53, 430 A.2d 1011 (1981). Where the party with the burden of proof prevails before the Board, our scope of review is to determine whether an error of law has been committed or whether any necessary finding of fact is unsupported by substantial evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). We have carefully examined the entire record in this case and have concluded that all of the findings

---

[1] The procedural history of this case deserves to be mentioned. Claimant was initially allowed benefits by the Bureau (now Office) of Employment Security. Employer appealed and following a hearing the referee reversed and denied benefits. Claimant appealed to the Board which affirmed on the basis of the referee's decision. Claimant requested reconsideration and a further hearing. The Board granted these requests and scheduled a further hearing before a referee for the taking of testimony for the Board's consideration. After the hearing the Board issued a decision denying Claimant benefits. Claimant appealed to this Court, which ordered a remand to the Board so as to allow Claimant time to submit a brief to the Board. *Sacks v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 208, 429 A.2d 136 (1981). After the submission of Claimant's brief, the Board vacated its prior decision and entered a new decision, again denying Clamant benefits.

are supported.[2] While Claimant argued that any errors were honest mistakes and were no more than the errors made by co-workers, the Board chose not to accept Claimant's version of events, as was within its power to do. *Eduardo v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981).

Having determined that the findings are supported by substantial evidence, this Court still must determine whether, as a matter of law, those findings support a conclusion of willful misconduct. *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). Mere incompetence, inexperience or inability of an employee, while it may justify a discharge will not constitute willful misconduct so as to render an employee ineligible for unemployment compensation. *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977). However, in this case the record supports the Board's finding that Claimant had the ability to perform his work properly, but through deliberate violations of Employer's directives and negligence, Claimant's work during his last months of employment did not reach the satisfactory level which he had previously displayed. Such actions must be construed as conduct showing intentional and substantial disregard of Employer's interests or of the Claimant's duties and obligations. *See Cullison v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 416, 444 A.2d 1330 (1982). The many warnings Claimant had been given

---

[2] Claimant contended that Finding of Fact No. 9 was in error as the described event, a deliberate short cut in procedures resulting in poor work, did not occur on January 22, 1979, but rather sometime in 1978. Even if we were to accept this contention, the evidence clearly discloses that on January 22, Claimant was warned about unacceptable work and Claimant does not deny taking the short cuts. A corrected finding would only be more adverse to Claimant.

regarding the poor quality of his work, and his failure to improve after such warnings, reflects on his attitude toward his employment and thus adds to the willfulness of the misconduct. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980); *Kosmalski v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 527, 397 A.2d 875 (1979).

Finally, Claimant contends the Board erred in not reversing the referee's decision refusing to admit portions of the notes of testimony from Claimant's arbitration hearing. In his brief to the Board, Claimant contended that his purpose in seeking to have the prior testimony admitted was for impeachment. However, from the record it is clear that Claimant sought to have introduced the prior testimony of Mr. Pincus, when the only Employer witnesses to testify were Mr. Perischetti and Mr. Older. ''[I]t is axiomatic that when attempting to discredit a witness' testimony by means of a prior inconsistent statement, the statement *must* have been made or adopted by the witness whose credibility is being impeached.'' *Commonwealth v. Baez,* 494 Pa. 388, 394, 431 A.2d 909, 912 (1981) (emphasis in original). We therefore can find no error by the Board in refusing to reverse the referee.[3]

ORDER

The order of the Unemployment Compensation Board of Review, No. B-172802-E, dated September 21, 1981, is hereby affirmed.

---

[3] The referee appeared to believe that testimony from arbitration hearings is per se inadmissible in an unemployment compensation hearing. While we believe that such a ruling is too broad a generalization, and the prior testimony of Mr. Pincus *may* have been admissible as an admission of a party, Claimant failed to provide any offer of proof that such testimony would in fact have been relevant and admissible.