Mark E. Levitan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Mark E. Levitan,* petitioner, for himself.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 27, 1979:
This is an appeal by claimant of a willful misconduct denial of benefits to him by the Unemployment Compensation Board of Review (Board). We affirm.

Claimant was employed as a xerox operator at $4.25 per hour for four months until January 27, 1978 when he was fired. He was fired for being rude on the telephone to the wife of a customer.

Claimant objects to findings of fact numbers three and four:

3. Claimant had been warned that he should not be rude to customers.

4. Claimant was advised that when customers were being rude or obnoxious to turn over the call to the manager.

Claimant maintains that neither of these events took place. However, the referee who heard the testimony and the Board who reviewed it chose to conclude that they did. From reading the record we feel that there is substantial evidence for such findings. The employer said he warned claimant; claimant said he did not. We cannot substitute our judgment for that of the Board; matters of credibility of witnesses and testimony are for its determination.

Claimant argues in the alternative that his conduct, even if rude, falls within an exception to the willful misconduct exclusion. He says that he did his best but that he was incapable of measuring up to the employer's idea of competence. This Court has said that "merely being discharged for unsatisfactory work resulting from inability, inexperience, or lack of

coordination does not disqualify the discharged employe as being guilty of wilful misconduct.'' *Rieder v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 211, 213, 325 A.2d 347, 348 (1978).

We do not feel, however, that an inability to be polite falls within this exception.

Accordingly, we will enter the following

### Order

And Now, April 27, 1979, the order of the Unemployment Compensation Board of Review, number B-161962 dated July 28, 1978 is hereby affirmed.