Nellie Simmons, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

516

*James M. Lafferty,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, with her *Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 15, 1980:

The Department of Public Welfare (DPW) denied Nellie Simmons' request for replacement of a missing $277.50 public assistance check. This is her appeal; we reverse.

Simmons is receiving monthly assistance of $555.00 for herself and her seven children. On September 5, 1978, she notified DPW that she had not received her August 28, 1978 check. DPW had in its possession a signed voucher reflecting receipt. A handwriting expert testified that the signature was Simmons'. A hearing examiner concluded DPW regulations[1] prohibit replacement only in a case where the county assistance office has in its possession the *original endorsed cancelled* check. DPW has steadfastly refused to replace the check since 1978 and it has no cancelled check. DPW reversed, holding that the existing check replacement regulations did not apply to direct delivery checks (the recipient personally picks up the check). Mail delivery is different.

We are not persuaded by the reasoning of DPW which in effect would allow it to deny replacement ab-

---

[1] 55 Pa. Code §229.24(b)(1).

sent specific regulations governing direct delivery. Preliminary drawing board[2] regulations are not sufficient. The then-existing regulations did not distinguish the methods of payment and so we must hold that DPW follow the prescription of the current regulations.

Accordingly, we

### ORDER

AND Now, this 15th day of April, 1980, the order of December 1, 1978, filed by the Department of Public Welfare reversing the order of the hearing examiner is hereby reversed and the hearing examiner's order dated October 24, 1978, is reinstated.

President Judge BOWMAN did not participate in the decision in this case.

---

[2] 8 Pa. B. 2603 (1978).