Anthony Schiazza, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 8, 1980, to Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Richard P. Hunter, Jr., Koss, Hunter & Ziccardi,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, September 30, 1980:

Anthony Schiazza has appealed from an order of the Unemployment Compensation Board of Review (Board) disallowing Schiazza's appeal from a referee's order denying him unemployment compensation benefits for willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Mr. Schiazza was employed as a carpenter's helper by the Building Services Division of the City of Philadelphia for aproximately one and one-half years. His last day of work was November 6, 1978. Schiazza had been absent on various types of leave due to a work related injury for approximately eight months prior to November 6, 1978. Schiazza was further absent from work from November 7 to December 4 on either sick leave or vacation leave. On December 4, 1978, Schiazza returned to work. Thereafter, from December 5 to December 14, Schiazza did not report to work. On December 15, 1978, Schiazza was dismissed as a city employe for violating the city's policy against being ab-

sent from work for more than five days without permission or excuse.

The Office of Employment Security denied Schiazza's application for unemployment compensation benefits on the grounds of willful misconduct. Upon appeal, a referee found that Schiazza was absent without leave from December 5, 1978 to December 14, 1978. This absence, the referee concluded, constituted willful misconduct sufficient to justify a denial of benefits to Schiazza. The Board disallowed Schiazza's appeal from the referee's decision.

Our scope of review in willful misconduct cases is limited to questions of law and to determination of whether the Board's findings, or, in this case, the referee's findings, are supported by substantial evidence. Whether or not willful misconduct exists is a conclusion of law and the burden of proving willful misconduct rests on the employer. *Miller v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 539, 540 n. 1, 405 A.2d 1034, 1035 n. 1 (1979).

The only finding of fact contested by Schiazza is that he was absent from work from December 5 to December 14 without leave. Schiazza testified that he asked a Mr. Clark, apparently a clerical employee, whether he had vacation time remaining and that Mr. Clark granted his request for vacation time. Robert Principato, carpenter foreman and Schiazza's supervisor, testified that Schiazza did not ask him for vacation time. Anthony Bertino, a personnel officer, testified that only someone "higher up" than Mr. Clark would have power to grant Schiazza vacation time off and that person would likely be Mr. Principato. There clearly was substantial evidence supporting the referee's finding that Schiazza was absent from work for nine days without leave.

It is settled that intentional unexcused absences from work in violation of an employer's absenteeism

policy constitutes willful misconduct. *See, e.g., Maiers v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980).

Accordingly, we enter the following

ORDER

AND Now, this 30th day of September, 1980, the order of the Unemployment Compensation Board of Review disallowing the appeal of Anthony Schiazza is affirmed.