Angela Izzo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. County of Berks, Intervening Respondent.

Submitted on briefs September 13, 1982, to Judges Rogers, Williams, Jr. and Craig, sitting as a panel of three.

*David M. Rosenberg, Robinson & Geraldo,* for petitioner.

*Alan S. Readinger,* First Assistant County Solicitor, for intervenor.

OPINION BY JUDGE WILLIAMS, JR., November 30, 1982:

This is an appeal from a determination of the Unemployment Compensation Board of Review (Board) that the claimant, Angela Izzo, is ineligible for benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law (Act)[1] because of her willful misconduct. We affirm.

The Board found that Ms. Izzo was employed as a legal secretary in the Berks County solicitor's office from February, 1972, until August 4, 1980, when the event which precipitated her termination occurred. Upon her return from an extended lunch period, she was informed by another secretary in the office that her supervisor wanted to see her in his office promptly. Claimant refused to go, asserting that she had a "rush job" to do; a second notification by the co-worker elicited the same response. The employer subsequently discharged Ms. Izzo for, *inter alia,* insubordination and poor job performance.

In applying the law to these facts, the Board determined that the request made by claimant's superior

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

was not unreasonable, and that claimant's behavior constituted willful misconduct.[2] On appeal to this Court, claimant argues that her conduct was justifiable and reasonable under the circumstances, that the Board failed to make a requisite finding that her actions were intentional, and that the findings are not based upon substantial evidence. This Court fails to find merit in any of the propounded theories for reversal.

Our limited scope of review in unemployment compensation cases is restricted to an examination of the record to verify that no error of law has been committed and that all findings of fact are supported by substantial evidence. *Schiazza v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 110, 420 A.2d 33 (1980). Findings so supported are binding on this Court, even if there is evidence to the contrary in the record. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978). In this case testimony conflicted on many points, but the Board resolved that discrepancy in favor of the employer, and so noted in its opinion. Questions of credibility and resolution of contradictions are within the purview of the Board, and will not be set aside by this Court. *Troyen v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978).

---

[2] *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973) :

For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations.

We now turn to an examination of claimant's arguments in this appeal. Claimant's first assertion, that her actions were reasonable, is not persuasive to this Court. We cannot conclude that the claimant's subjective determination that her alleged "rush job" took precedence over her employer's request justifies her refusal to cooperate. In this regard we fully support the Board, which noted in its discussion that "the supervisor's order was reasonable, since a supervisor has a right to request employes to come to his office."[3] The content of the "rush job" was not identified for the record and its urgency is vitiated by its relegation to a position of lesser importance in claimant's day than her personal business during her extended lunch. We reject claimant's contention that her conduct was reasonable under the circumstances.

Pertinent to claimant's second argument, we note that the Board did not list in its findings of fact any specific determination that the actions complained of were intentional.[4] What the Board did find, however, was that the deeds which resulted in claimant's termination were two refusals to report to the supervisor immediately. This Court perceives that there is inherent in the word "refuse"[5] an element of intent which cannot be inferred in situations involving care-

[3] See White v. Unemployment Compensation Board of Review, 69 Pa. Commonwealth Ct. 196, 450 A.2d 770 (1982), wherein the following applicable language appears:

It was a reasonable request, the employee's refusal was arbitrary, and this constituted ample evidence of a disregard of the standards of behavior an employer has the right to expect of his employees.

[4] See American Process Lettering, Inc. v. Unemployment Compensation Board of Review, 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980) in which this Court noted that willful misconduct need not be based on a finding of intent to wrong the employer.

[5] The applicable definition of the word "refuse," appearing in Webster's Third New International Dictionary 1910 (1966) is: "to show or express a positive unwillingness to do or comply with."

lessness, forgetfulness, inaccuracy, or the like. Claimant argues that her willfulness should be analyzed in terms of her "understanding" that she could finish her rush job before she reported to her supervisor's office. This argument is negated by the Board's factual determination that her appearance there was required "immediately." The Board obviously did not accept as credible her testimony that she believed a delayed appearance at the supervisor's office would be acceptable.

Claimant's third question to this Court is whether the findings of the Board are supported by substantial evidence. Our review of the record produces testimony which would support all contested findings. As previously noted, the record is replete with contradictory evidence, and the Board specified that it resolved several pertinent issues in favor of the employer.

Order affirmed.

ORDER

AND Now, this 30th day of November, 1982, the Decision and Order of the Unemployment Compensation Board of Review, dated March 11, 1981, docketed to No. B-193136, is hereby affirmed.