Ricky A. Meals, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*David M. Axinn,* for petitioner.

*Richard Lengler,* Law Student Intern, with him, *Michael Klein,* Acting Appeals System Administrator, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 17, 1982:

Claimant appeals a determination of the Unemployment Compensation Board of Review (Board) that he is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] because his excessive absenteeism and failure to properly report off constitute willful misconduct. We affirm.

Claimant, who had a history of improperly reported absences, was discharged in connection with an extensive absence commencing February 12, 1980. On February 6, he fell at work, hurt his back, and was taken to the hospital, where he was advised to rest for three days and then visit the company doctor. He returned to work on February 11 and worked the entire shift, but declined to work overtime because he was experiencing back pain. He reported off daily, follow-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

ing company procedures, until February 19, when he was treated by the company doctor, and discussed the possibility of seeing another doctor with a supervisor. There is no evidence in the record that claimant informed the supervisor that his absence would be extended.

After several days passed without further communication from claimant, the employer called his mother on February 25, and requested that she tell him that his job would be in jeopardy if he were not under a doctor's care. Claimant, who did not have a telephone, did not get the message until March 2, some six days later. He apparently made arrangements at that point to see a doctor, but he still didn't contact the employer. He received notice of his termination on March 5.

The Board, affirming the referee, concluded that claimant's conduct constituted willful misconduct, and violated the provisions of the Labor-Management agreement relating to absences and reporting off, specifically the section which reads: "Failure to report off within a period of three consecutive working days . . . may subject the employee to termination."

Our scope of review in unemployment compensation appeals is restricted to an examination of the record to ascertain whether any error of law has been committed, and whether all findings of fact are supported by substantial evidence. *Schiazza v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 110, 420 A.2d 33 (1980). Claimant here does not challenge the findings; he asserts in the alternative that his actions did not violate the employer's rules pertinent to reporting off, or, if they did, they were neither deliberate nor intentional, and therefore do not rise to the level of willful misconduct.

In *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.

Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973), the Court enunciated the definition of willful misconduct as:

(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

It is the employer's burden to prove that the employee was discharged for wilful misconduct. *Unemployment Compensation Board of Review v. Mascioli,* 23 Pa. Commonwealth Ct. 463, 352 A.2d 576 (1976). Whether or not the acts complained of rise to the level of willful misconduct is a question of law reviewable by this Court. *Gladkowski v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 108, 384 A.2d 1365 (1978). To constitute willful misconduct, the actions need not be characterized by intent to harm the employer, *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980), if they indicate conscious indifference to the duty an employee owes his employer. *Smith v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 98, 367 A.2d 811 (1977).

A prolonged absence of indefinite duration, such as that which occurred in this case, clearly has a deleterious effect on the business of the employer, who is, perforce, shorthanded. Under such circumstances, the onus is on the employee to "manifest his intention not to abandon his employment." *Smith v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 512, 413 A.2d 48 (1980).

416

Our review of the record and the opinion of the Board leads us to the conclusion that claimant has demonstrated a substantial disregard for the interests of his employer. The Board's finding that claimant failed to contact his employer from February 19 until his discharge on March 5 is supported by the evidence. Claimant testified himself that after seeing the company doctor on February 19, he was not examined by another physician until after he received the message from the employer that he should be under a doctor's care or he would be subject to termination. At that juncture, he still made no attempt to preserve the employment relationship by contacting the employer.

Order affirmed.

ORDER

AND Now, this 17th day of December, 1982, the Decision and Order of the Unemployment Compensation Board of Review dated December 16, 1980, Decision No. B-185752-B, is hereby affirmed.