Harry L. Gardner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*John A. Bacharach, Girman & Bacharach,* for petitioner.

*James Norris,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 2, 1983:

This is an appeal by Harry L. Gardner (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming the denial of compensation benefits by a Referee. We affirm.

Claimant was employed as a custodian in the Avon Court Apartments. In July of 1980, Claimant applied for unemployment compensaton benefits following his discharge for allegedly failing to perform his duties. The Office of Employment Security issued a determination granting benefits and the employer requested a hearing. After the hearing before a Referee, benefits were denied and on appeal the Board affirmed, finding Claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1937, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Our scope of review in unemployment cases of this type is well established. When the employer, who has the burden to prove willful misconduct, prevails before

the Board, we are limited to determining whether the Board's findings of fact are supported by substantial evidence and whether an error of law was committed. *El v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 57, 432 A.2d 651 (1981); *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

Before the Referee, the employer testified that during the course of Claimant's employment many complaints were received from tenants that Claimant was failing to perform his work. The employer also testified that many times he had to hire outside help to make repairs within Claimant's scope of employment but which Claimant had ignored. The employer further testified and the Board so found that the Claimant failed to inform the employer of major maintenance problems within the building; Claimant was also warned about his failure to properly perform his work. Questions of credibility and weight of the evidence are for the referee and the Board not the reviewing court. *Fioretti v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 287, 405 A.2d 1382 (1979); *Levitan v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 302, 400 A.2d 915 (1979). The findings of the Board are amply supported by substantial competent evidence.

Claimant alleges error in the Board's conclusion that the actions proven by the employer constituted willful misconduct. Willful misconduct is established when action or inaction by the claimant amounts to conscious disregard of the interests of the employer or constitutes behavior contrary to that which an employer has a right to expect from an employee. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77

(1973). Poor work performance reflecting an unwillingness to work to the best of one's ability is indicative of a disregard for the standard of conduct an employer has a right to expect and may rise to the level of willful misconduct. *Markley v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979). In the instant case therefore, the Board did not err in concluding that Claimant's action was willful misconduct.

ORDER

Now, February 2, 1983, the order of the Unemployment Compensation Board of Review dated December 31, 1980, No. B-190979 is affirmed.