Delores Hill, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs November 18, 1982 to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*David Gates*, for petitioner.

*Gary Goldman*, Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 17, 1983:
Petitioner, Delores Hill, was awarded a monthly special allowance from the Bucks County Board of Assistance (CAO) for child care and car fare to enable her to attend classes to obtain a general education diploma. The amount of the monthly check was $223.60. Petitioner also was entitled to a monthly cash

assistance check, food stamps and a medical assistance check.

In January of 1981, she received none of her benefits and reported this fact to the CAO on January 6, 1981 at which time she requested replacements. On January 9, Petitioner's cash assistance check, medical assistance card and January food stamps were replaced. The special allowance check was not replaced pending verification of residence and rental amount but CAO did place a stop payment order on the original check which was dated January 2. On January 14, Petitioner was advised that a replacement check would be issued but on January 16, the original check was returned to CAO in the normal course of business with Petitioner's name appearing on the back thereof together with Petitioner's ID number and her social security number. Since the replacement check had not yet been issued, CAO held up that check and informed Petitioner that a replacement would not be issued.

Contending that she had never received the original check and that the endorsement on the check was not her signature, Petitioner appealed the decision of the CAO. After a hearing before a Department of Public Welfare (DPW) examiner, Petitioner's appeal was denied. That decision was subsequently affirmed by the Secretary of the DPW on a petition for reconsideration. A timely appeal has been filed with this Court.

The pertinent DPW regulation is found at 55 Pa. Code §229.24(b)(1):

> *Replacements....* A replacement check will not be issued if the county office has in its possession, at the time replacement is requested, the original endorsed check, *containing irrefutable evidence* that the client cashed the check. Such evidence will be a signature and some item of identification, such as an

operator's license number, found on the back of the check, which can be matched with the same item on the credentials of the client. This will only apply if the appropriate credentials are available or were not initially reported also lost or stolen. Replacement checks will not be issued by the county to replace Incentive Payment checks. The only other instance in which a replacement check will not be issued is when there are repeated replacement requests as set forth in paragraph (3) and one of the following occurs:

.... (Emphasis added.)

Petitioner argues that under the regulation relied upon by DPW she is entitled to a replacement check unless 1) CAO has in its possession at the time the request is made the original endorsed check with "irrefutable evidence" that she cashed the check or 2) the missing check is an incentive payment check or 3) there have been instances in the past where replacement checks were requested by her. Since it is clear that DPW is relying upon the first exception to justify its refusal to issue a replacement check, Petitioner contends the other two exceptions are not pertinent here. Further, Petitioner states that the first exception does not apply because (a) CAO did not have the original check in its possession when the request for replacement was made, (b) there was no irrefutable evidence that the endorsement on the check was genuine and (c) CAO failed to follow the applicable DPW regulation[1] when Petitioner disclaimed the endorsement.

---

[1] 55 Pa. Code §229.24(e)(4)(iv)(B) states that:
*Where the check has already been paid.* If the check for which stop payment is requested has already been paid, the County Office will investigate the endorsement. If the payee disclaims the endorsement, the Executive Director will forward the check, with a detailed memorandum, to

DPW argues that since it had the original check in its possession and had verified the signature of the Petitioner it was warranted in refusing replacement.

It is apparent that the detailed procedures of §229.24 are necessary to prevent fraud and at the same time to facilitate payments to the needy where, through no fault of their own, claimants do not receive checks to which they are entitled. There can be no doubt that with the vast number of checks being issued and the regrettable uncertainty of today's mail delivery, there will be instances when replacement checks are necessary.

Our appellate review of decisions of DPW relating to the payment of public assistance funds is limited to a determination of whether the adjudication was in accordance with the law, whether constitutional rights were violated, and whether all necessary findings of fact were supported by substantial evidence. *Bowen v. Department of Public Welfare*, 21 Pa. Commonwealth Ct. 144, 343 A.2d 690 (1975). This Court has also held that where DPW fails to follow the prescription of its own regulations, it cannot prevail in a subsequent appeal to this Court. *Simmons v. Department of Public Welfare*, 50 Pa. Commonwealth Ct. 515, 413 A.2d 48 (1980).

While a strict reading of the pertinent regulation would seem to indicate that the CAO must issue a replacement check unless it has the original check in its possession at the precise time a *request* for replacement is made, we think such a narrow reading of the regulation defeats the purpose thereof. If CAO has in its possession a check which bears the signature of the

the Director of Finance. The office of the Director will *issue the necessary instructions based on the information* submitted. When credit is received from the bank, a credit entry will be made in the Cash Book and Form PA 123-E will be prepared.

intended recipient it would be a dereliction of duty if that agency issued another check which it believed or had reason to believe would be a duplication, not a replacement, of the original.

Concerning the requirement in the regulation that *irrefutable evidence* that Petitioner cashed the check is required before a replacement may be denied, there is a serious problem. The hearing examiner, in his discussion of the case, held that since Petitioner had reported that she had not received her medical assistance card, the fact that the endorsement on the original check contained Petitioner's ID number and social security number was *not* irrefutable evidence that the signature on the back of the check was that of the Petitioner. We agree. The examiner, nevertheless, concluded that since Petitioner's caseworker, the supervisor, the CAO accountant and a claim settlement agent each determined that the signature was that of Petitioner,[2] CAO had presented irrefutable evidence that the endorsement was genuine. Petitioner's brief indicates that only the caseworker testified concerning this opinion evidence and that Petitioner objected to that witness's testimony regarding the opinions of the other three persons as hearsay. Unfortunately, we are handicapped by having only a partial record of what transpired at the hearing but we do note that DPW's brief conspicuously does not dispute Petitioner's contention in this regard. Our long standing rule in this area was first enunciated in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) where we held that hearsay evidence properly objected to is not com-

---

[2] Finding of fact number 8 reads as follows:

On January 16, 1981 the CAO caseworker, the supervisor, the CAO accountant, and a claim settlement agent each determined that the signature of the check's endorser is the signature of the Appellant, Delores Hill.

petent evidence to support a finding of the agency or board whose adjudication is under review. Here, as we have noted, the examiner found that the signature appearing on the check was that of the Petitioner from the opinion evidence of three people who did not testify before the examiner. We hold that the opinion evidence of others offered through the testimony of the caseworker was clearly hearsay, being out-of-court statements offered for the truth of the matter asserted therein. *See* C. McCormick, Law of Evidence 460 (1954). If the hearsay evidence of the other three persons who allegedly identified the signature on the check as that of the Petitioner is disregarded, the *only* evidence that Petitioner cashed the check is the opinion testimony of the caseworker. We cannot find that such evidence is "irrefutable" especially where, as in this case, there is no accompanying identification which fulfills the requirement in the regulation. As we have noted, the examiner found correctly that since the Petitioner reported that she had not received her cash assistance check and medical assistance card, the ID and social security numbers on the check could not be accepted because they could have been placed there by someone who had obtained the missing items. Read literally, the regulation requires a signature and identification. Where there is no identification and the evidence of the genuineness of the signature is marginal at best, the requirement of irrefutable evidence that Petitioner cashed the check has not been met.

With respect to the applicability of 55 Pa. Code §229.24(e)(4)(iv)(B), we are of the opinion that that regulation is applicable where a replacement check issued by the CAO has been cashed after a stop-payment has been ordered by DPW. In the instant case, a replacement check was not issued, therefore the regulation does not apply.

Because DPW's evidence has failed to meet the requirements of 55 Pa. Code §229.24(b)(1), its order must be reversed.

### ORDER

It is ordered that the order of the Department of Public Welfare denying the appeal of Delores Hill from the decision of the Bucks County Board of Assistance refusing to replace Appellant's special allowance check of $223.60 for the period from January 18, 1981 to February 18, 1981, be and the same is hereby reversed.

Judge DOYLE dissents.