Juliet Wiezer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 31, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jay Meyers*, for petitioner.

*William J. Kennedy*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 15, 1983:

Juliet Wiezer appeals from the decision of the Unemployment Compensation Board of Review denying her claim for benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1]

The findings of the referee, which were adopted by the Board of Review, indicate that the claimant was employed from August of 1979 to March of 1981 as a cook's helper at a senior citizens' residence. During the last three months of her tenure in the job, the claimant received two written warnings and one three-day suspension for poor job performance. Finally, on March 3, 1981, the claimant was discharged for her refusal to comply with orders from her supervisors to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Under this section, a claimant is ineligible for benefits for any week in which his unemployment is due to willful misconduct connected with his work.

perform functions described in her job description. On these findings, the Board affirmed the referee's decision that the claimant engaged in willful misconduct.[2]

The claimant contends that the Board's decision was erroneous because the duties which she allegedly refused to perform were not part of her usual job functions. She also contends that the Board's decision is assailable because she was summarily discharged by the employer. Finally, she argues that the record taken as a whole indicates no wanton or willful disregard of the employer's interests. We find no merit in these arguments, and for the reasons which follow, affirm the decision of the Board of Review.

Our scope of review in this case is clear: we must (1) examine the testimony in the light most favorable to the party prevailing below to determine whether there is substantial evidence to support the Board's findings, and (2) determine whether there has been an error of law or a showing of fraud. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Thus, we may overturn the Board's finding that the claimant refused to perform functions which were within her job description only if we find no substantial evidence in the record to support that finding. While the claimant has stated repeatedly and emphatically that the cleaning chores which she was directed to perform were not part of her job responsibilities, she has failed to explain why the Board should have disregarded contrary evidence presented by the employer. Such evidence included a job description which specifically referred to cleaning responsibilities, and the understanding and acceptance of which was acknowledged

---

[2] While these findings are no model of specificity, they are sufficiently detailed, when read in conjunction with the hearing transcript, to allow us to exercise our review authority.

by the claimant's signature; a daily schedule for the claimant's job classification which designated cleaning functions; and the testimony of the claimant's supervisors that her job included cleaning her work areas and that the claimant had performed such duties in the past. This evidence is competent and substantial, and amply supports the Board's finding that the claimant failed to perform duties which were within her job description. The finding is, therefore, conclusive.

Nor do we find merit in the claimant's contention that she was unlawfully discharged, and is therefore entitled to benefits. The record does indicate that the claimant was summarily discharged upon her refusal to comply with her supervisors' directives. However, the claimant has referred us to no union contract protecting her from summary personnel actions, nor to any law, regulation, or judicial precedent which prohibits summary dismissal of an employee of a private, as opposed to governmental, employer. Therefore, we dismiss this argument as unsubstantiated.

Finally, we reject the claimant's argument that the record as a whole fails to support a conclusion that her behavior rises to the level of willful misconduct. The record contains substantial evidence that the claimant deliberately and explicitly flouted directives from her supervisors that she perform tasks included within her job responsibilities. Such behavior falls well within the definition of willful misconduct articulated by the Pennsylvania Supreme Court in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976):

> ...an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's in-

terest or of the employe's duties and obligations to the employer.

*Id*. at 83-84, 351 A.2d at 632. Furthermore, the claimant had been warned and suspended for poor job performance prior to the incident for which she was discharged, and therefore must be presumed to have had knowledge of the employer's expectations. The claimant has offered no explanation for her conduct other than to assert that the tasks she refused to perform were not within her job responsibilities. However, the Board's findings, which are conclusive, defeat this argument.

Accordingly, the decision of the Unemployment Compensation Board of Review is affirmed.

#### Order

And Now, this 15th day of July, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-196195 is affirmed.