Daisy McCrea, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 13, 1984, to Judges MacPhail and Barry and Senior Judge Kalish, sitting as a panel of three.

*Deborah Harris,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, January 29, 1985:

Daisy McCrea (Claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision and denied unemployment compensation benefits pursuant to

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

Claimant was last employed as a Service Aide by the Pennsylvania Hospital (Employer), 8th and Spruce Streets, Philadelphia, Pennsylvania. Claimant's duties included cleaning patients' rooms after they were discharged. On May 20, 1983, Claimant was instructed by her supervisor to clean two rooms. Approximately an hour later Claimant contacted her supervisor and informed him that instead of cleaning the assigned rooms, she had chosen to clean baby cribs, contending that she would not have had time to complete both rooms. Claimant had previously received warnings concerning her unsatisfactory performance. Therefore, in accordance with Employer's progressive disciplinary policy, Claimant was suspended for three (3) working days and was given a final warning against further unsatisfactory performance. On May 31, 1983, an inspection revealed that Claimant had not completed a job assignment.[1] On June 30, 1983, Claimant was discharged.

Our scope of review in unemployment compensation cases is limited to an examination of the record

---

[1] Claimant contends that she did not properly perform her job duties on only one occasion and that a single dereliction of duties cannot support a finding of willful misconduct. Contrary to Claimant's position, a single act may constitute willful misconduct if it is in open disregard of the employer's reasonable expectations. *Roberts v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 340, 436 A.2d 1052 (1981). In the instant case, the Board found that Claimant was discharged in accordance with Employer's progressive discipline policy for unsatisfactory performance of her job duties. The record supports the Board's conclusion and is binding on this Court. *Wiezer v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 490, 462 A.2d 350 (1983).

to verify that all findings of fact are supported by substantial evidence and that no error of law was committed. *Izzo v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 169, 452 A.2d 912 (1982). After a careful review of the record, we have concluded that all of the findings are supported by substantial evidence. Whether these findings support a conclusion of willful misconduct is a question of law subject to this Court's review. *Blount v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 627, 466 A.2d 771 (1983). "Mere incompetence, inexperience or inability of an employee, while it may justify a discharge will not constitute willful misconduct so as to render an employee ineligible for unemployment compensation." *Sacks v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 31, 34, 459 A.2d 461, 463 (1983). However, willful misconduct is established when action or inaction by Claimant amounts to a conscious disregard of the employer's interests or constitutes behavior contrary to which an employer has a right to expect from an employee. *Gardner v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 512, 454 A.2d 1208 (1983).

In the instant case, the record discloses that Claimant's recent work performance had not been satisfactory. The record supports the conclusion that Claimant had the ability to perform her job properly. Thus, her unsatisfactory work performance cannot be attributable to mere incompetence or inability. *Cullison v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 416, 444 A.2d 1330 (1982). Further although Claimant had been warned and suspended for her job performance prior to the incident for which she was discharged, the quality of Claimant's work did not improve. Poor work performances reflect an un-

willingness to work to the best of one's ability and evidence a disregard for the standard of conduct her Employer had the right to expect. *Gardner.*

The order of the Board denying benefits is affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-224034, dated November 4, 1983, is hereby affirmed.