**RAPID ROBERTS, INC., Appellant,**

v.

**Sandra K. POTTER and Division
of Employment Security,
Respondents.**

**No. 25786.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 27, 2004.

Paula S. Green, Ellis, Ellis, Hammons & Johnson, P.C., Springfield, for appellant.

Marilyn Green and Cynthia A. Quetsch, Jefferson City, for respondents.

NANCY STEFFEN RAHMEYER, Chief Judge.

Rapid Roberts, Inc. ("Appellant") appeals the decision of the Missouri Labor and Industrial Relations Commission ("Commission") affirming an award of unemployment benefits to Sandra K. Potter ("Claimant"). Appellant contends that Claimant was terminated due to "misconduct connected with her work" and should be disqualified from six weeks of unemployment benefits. We disagree and affirm.

The standard of review when reviewing a Commission decision on unemployment benefits is governed by Section 288.210.[1] This court may reverse, modify, set aside, or remand a decision by the Commission only on the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

Section 288.210; *Dixon v. Div. of Employment Sec.*, 106 S.W.3d 536, 539 (Mo.App. W.D.2003). The factual findings of the Commission, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. *Kennett Bd. of Public Works v. Shipman*, 15 S.W.3d 792, 795 (Mo.App. S.D.2000). The evidence is reviewed in a light most favorable to the findings and decision of the Commission and opposing and unfavorable evidence is disregarded. *Id.*[2] Section 288.020.2 directs that Missouri employment security law "shall be liberally construed to accomplish its purpose to promote employment security ... by providing for the payment of compensation to individuals in respect to their unemployment." Therefore, disqualifying provisions in employment security law are strictly construed against the disallowance of benefits. *City of Kansas City v. Arthur*, 998 S.W.2d 870, 873 (Mo.App. W.D.1999).

 The determination of misconduct connected with work is a question of law that we review *de novo*. *Kennett*, 15 S.W.3d at 795. Although a claimant has the burden of proving that they qualify for benefits, the employer has the burden to prove a claim of misconduct connected with work. *Miller v. Kansas City Station Corp.*, 996 S.W.2d 120, 124 (Mo.App. W.D. 1999).

> Notwithstanding the other provisions of this law, if a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant, depending upon the seriousness of the misconduct as determined by the deputy according to the circumstances in each case, shall be disqualified for waiting week credit or benefits for not less than four nor more than sixteen weeks for which the claimant claims benefits and is otherwise eligible.

Section 288.050.2. The phrase "misconduct connected with the claimant's work" is not defined in Chapter 288, but has been consistently defined by our courts as the following:

> [A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*City of Branson v. Santo*, 111 S.W.3d 910, 913 (Mo.App. S.D.2003) (quoting *Sain v. Labor & Indus. Rel. Comm'n*, 564 S.W.2d 59, 62 (Mo.App.1978)).

 Willful misconduct may be established when the claimant consciously disregards the interest of the employer by action or inaction. *Hurlbut v. Labor and Indus. Rel. Comm'n*, 761 S.W.2d 282, 285 (Mo.App. S.D.1988) (citing *Gardner v. Commonwealth of Pennsylvania, Unemployment Comp. Bd.*, 71 Pa.Cmwlth. 512, 454 A.2d 1208, 1209 (1983)). The violation of a reasonable work rule can constitute

---

**2.** We note that the text of section 288.210, which governs judicial review for employment security cases, and the text of section 287.495, which governs judicial review for workers' compensation claims, are substantively indistinguishable. In a recent workers' compensation case, our Supreme Court overruled a two-step process which is virtually identical to the two-step process set forth herein for employment security cases. *See Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). Our analysis is unaffected by either the two-step process set forth herein or by the process set forth in *Hampton*.

misconduct. *Id.* There is a "vast distinction" between the violation of an employer rule that may justify termination as opposed to a violation of an employer rule that would warrant a determination of misconduct connected with work. *McClelland v. Hogan Personnel, LLC,* 116 S.W.3d 660, 665 (Mo.App. W.D.2003).

Claimant began working as a cashier for Appellant's store in Joplin, Missouri on November 14, 2001. Claimant's last shift at the store was on August 23, 2002 when Appellant alleged that Claimant failed to maintain control of the store. Appellant's employee rules prohibited non-employees from performing employee duties. Appellant claimed that during Claimant's shift she allowed her son to perform an employee duty by taking out the store's trash. Claimant admitted that a store surveillance videotape showed her son carrying a bag out of the store; however, she claimed that an off-duty store employee had asked her son to take the trash out without her knowledge.

Appellant also alleged that padlocked diesel fuel pumps were robbed during Claimant's shift that same day. Appellant asserted that Claimant either directly assisted in this theft or had completely stopped paying attention to the pumps because the padlocks on the pumps had been removed. Claimant denied the allegations that she willfully allowed her son to perform an employee duty or that any fuel was stolen during her shift. Appellant suspended Claimant from her job that day and terminated her for failure to maintain control of the store shortly thereafter.

Claimant filed for unemployment benefits which Appellant contested. The Division of Employment Security ("Division") determined that Claimant was disqualified from six weeks of unemployment benefits for "misconduct connected with her work." Claimant appealed the determination to the Division's Appeals Tribunal ("Tribunal"). The Tribunal issued a decision that stated in part:

> FINDINGS OF FACT ... The claimant was discharged because the employer believed she had directed her son to take a bag full of trash outside to throw away. The claimant did not request her son to take a bag of trash outside. One of the claimant's co-workers had requested the claimant's son perform this duty.

The Tribunal made no finding of fact regarding the stolen fuel and concluded that Claimant did not commit any act of willful misconduct. The Tribunal reversed the prior determination of misconduct and awarded Claimant unemployment benefits. Appellant appealed the Tribunal's decision to the Commission which adopted the Tribunal's decision. This appeal followed.

■ Appellant's single point on appeal alleges that the Commission erred in awarding Claimant benefits because the facts showed that Claimant committed misconduct connected with her work by failing to maintain control over the store. Appellant contends that the Commission had no substantial competent evidence to warrant the making of the award. Appellant argues that Claimant committed misconduct because she willfully disregarded Appellant's interest when she violated Appellant's employee rules.

Keeping in mind that Appellant had the burden of proving misconduct and that factual findings of the Commission are conclusive, we find that it failed to prove that Claimant willfully or deliberately violated Appellant's employee rules. The Commission apparently believed Claimant's testimony that she had not asked her son to take out the trash and that fuel was not stolen on her shift. We then decide, as an issue of law, if Claimant violated an employee rule to such an extent as to

amount to a wanton or willful disregard of employer's interest, a deliberate violation of employee's rules or negligence in such a degree as to manifest culpability, wrongful intent, or evil design when a non-employee took out the trash at the request of another employee. We find that it does not. Appellant failed to prove Claimant guilty of misconduct connected with work.

Competent and substantial evidence supports the Commission's decision awarding benefits to Claimant. Appellant's point is denied and the decision of the Commission is affirmed.

PARRISH, J., and BATES, J., concur.